# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0062, <u>John Doe v. City of Nashua & a.</u>, the court on December 4, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, an officer employed by the Nashua Police Department (NPD), appeals an order of the Superior Court (<u>Temple</u>, J.) granting the New Hampshire Attorney General's Office's (AGO) motion to dismiss the plaintiff's complaint seeking declaratory judgment under RSA 105:13-d (2023) and injunctive relief to remove his name from the exculpatory evidence schedule (EES). We reverse and remand.

## I. <u>Facts</u>

The following facts are derived from the plaintiff's complaint and accompanying documentation and are assumed to be true for the purposes of this appeal. <u>Barufaldi v. City of Dover</u>, 175 N.H. 424, 425 (2022). More than 13 years ago, the plaintiff, who was employed as a patrol officer for the NPD, responded to a report of a domestic disturbance involving a married couple. The couple was separated — the wife resided in New Hampshire and the husband in Massachusetts — and the husband had primary custody of the couple's two children. The plaintiff learned that the wife struggled with substance abuse, had conveyed her intent to leave the country with the two children, once accidentally "set her home on fire" while impaired, and had, on at least one occasion, left the children home alone while she went to the liquor store. As a result, the children resided with the husband. The husband informed the plaintiff that he filed for sole custody of the children in a Massachusetts court and "that he had a court hearing the following day."

The plaintiff also learned that the wife had obtained a temporary restraining order (TRO) against the husband from the Nashua District Court but that the husband had not yet been served. The TRO required the husband to relinquish the children to the wife. The plaintiff served the husband with the TRO, but he did not order the husband to relinquish custody of the child who was present at the scene to the wife due to the plaintiff's concern for the child's safety and wellbeing.

After the encounter, the plaintiff spoke with his supervisor, who advised the plaintiff to make arrangements for the husband to have an emergency <u>ex</u>

parte hearing at the Nashua District Court. The plaintiff then spoke with the husband's attorney, who informed the plaintiff that the husband had an ex parte hearing scheduled at a Massachusetts court the following day. At the attorney's request, the court rescheduled the hearing to take place that same afternoon. The plaintiff attended the hearing and testified regarding the information he had learned about the parties. Later that day, the husband's attorney informed the plaintiff that the Massachusetts court issued a temporary ex parte order awarding the husband custody of the children. The plaintiff documented the encounter in a written report.

The wife later filed a complaint with the NPD due to the plaintiff's failure to direct custody of the children to her when he served the TRO on the husband. The NPD conducted an internal investigation that resulted in the chief issuing a finding that the plaintiff violated the department's standards of conduct when he failed to enforce the TRO. The NPD also conducted a "Captain's Review," which, according to the plaintiff, is "a less formal complaint investigation than the formal Internal Affairs Investigations," that apparently reached the same conclusion as the chief. The plaintiff did not challenge the Captain's Review, although he alleges that placement on the EES was not mentioned during the internal investigation or the Captain's Review.

Approximately six years later, a different NPD chief informed the plaintiff that he intended to recommend that the AGO add the plaintiff's name to the EES due to the plaintiff's "sustained violation of legal procedure." When the plaintiff asked whether he could challenge the decision, he was informed "that there would be no hearing and that there was nothing that he could do about his name being added to the EES."

In March 2018, the plaintiff requested that the AGO remove his name from the EES. The AGO denied the plaintiff's request because the plaintiff failed to submit a copy of a determination overturning the finding of his misconduct. In June 2019, a new NPD chief requested that the AGO remove the plaintiff's name from the EES, but the AGO denied the request.

In March 2022, the plaintiff filed the instant complaint in superior court. In his complaint, the plaintiff sought a declaration that his conduct was not potentially exculpatory pursuant to RSA 105:13-d and, therefore, did not warrant inclusion on the EES, sought a permanent injunction ordering the AGO to remove his name from the EES, and argued that his inclusion on the EES violated his due process rights.[1]

---

[1] The plaintiff filed an earlier complaint, seeking to have his name removed from the EES. The Superior Court (Tucker, J.) dismissed the complaint. The plaintiff appealed to this court, and we affirmed in part, vacated, and remanded. See Doe v. Attorney General, No. 2020-0501, 2022 WL 2866004, at *1 (N.H. July 21, 2022). Following that decision, the plaintiff moved to consolidate

The AGO moved to dismiss the March 2022 complaint, arguing that the plaintiff's placement on the EES is proper because his conduct is potentially exculpatory and thus relief under RSA 105:13-d would be inappropriate. The AGO also alleged that the plaintiff received adequate due process and that any further process would not change the potentially exculpatory nature of his conduct. The plaintiff objected.

The Superior Court (Temple, J.) granted the AGO's motion to dismiss, concluding that the complaint did not contain sufficient allegations to support a finding that the plaintiff's conduct is not potentially exculpatory or that his due process rights were violated. The plaintiff moved to reconsider, which the court denied. This appeal followed.

II. Analysis

When reviewing a trial court's ruling on a motion to dismiss, we consider whether the allegations in the pleadings are reasonably susceptible of a construction that would permit recovery. N.H. Ctr. for Pub. Interest Journalism v. N.H. Dep't of Justice, 173 N.H. 648, 652 (2020). We assume the pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. Id. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law. Id. We will uphold the granting of a motion to dismiss if the facts pled do not constitute a basis for legal relief. Barufaldi, 175 N.H. at 427.

RSA 105:13-d, I, provides the standard by which an officer would be placed on the EES:

> The [DOJ] may voluntarily maintain an [EES]. The [EES] shall consist of a list of all current or former law enforcement officers whose personnel information contain potentially exculpatory evidence. Subject to the provisions of this section, the [EES] may be maintained by the [DOJ] and shall be a public record subject to RSA 91-A.

As relevant here, an officer may challenge his or her placement on the EES in superior court, and "the individual's name and corresponding information will become public" unless "a court issues an order finding that the underlying misconduct is not potentially exculpatory" or "[a] court issues an order finding that the law enforcement agency erred in recommending that the officer be placed on the [EES]." RSA 105:13-d, II(a), (d) (2023).

_____

his two cases, and lift the stay order, which the trial court granted.

3

Recently, in Doe v. New Hampshire Attorney General (Activity Logs), 176 N.H. ___, ___ (2024), 2024 N.H. 50, ¶18, we discussed the background of the EES and examined the meaning and scope of the term "potentially exculpatory" within the context of RSA 105:13-d. We held that "potentially exculpatory evidence," pursuant to RSA 105:13-d, I, is evidence, including impeachment evidence, that is reasonably capable of being material to guilt or to punishment. Doe (Activity Logs), 176 N.H. at ___, 2024 N.H. 50, ¶18. In reaching our conclusion, we explained that the considerations bearing upon the admissibility of evidence are relevant to the determination of whether evidence is "potentially exculpatory" such that an officer's inclusion on the EES is appropriate. Id. at ___, 2024 N.H. 50, ¶20.

The present appeal requires that we apply this definition of "potentially exculpatory" to determine whether the trial court erred in concluding that the plaintiff's conduct warrants his inclusion on the EES. The plaintiff argues that his conduct does not do so because it is not material to guilt or punishment. He argues that he did not immediately enforce the TRO because he "had direct and personal knowledge that the mother in this case was a danger to her children" and he acted "in the best interest of the children." Moreover, the plaintiff contends that he did not ignore the court's order, but, rather, sought to resolve the matter through the court system as quickly as possible. The plaintiff also argues that the trial court erred in failing to consider that the conduct was not probative of his general credibility given that he did not engage in any acts of dishonesty, see N.H. R. Ev. 608(b); that the conduct was over ten years old, which limits its probative value, see N.H. R. Ev. 609(b); and that he did not act unilaterally but, rather, sought guidance from a supervisor who advised him to resolve the matter through the court system.

The AGO counters that the plaintiff's conduct is potentially exculpatory pursuant to RSA 105:13-d, I. The AGO argues that the plaintiff's failure to enforce a valid court order bears upon his credibility and could be valuable impeachment material under certain circumstances. Specifically, the AGO argues that the plaintiff's conduct could be exculpatory in a case "'where it mattered whether [the plaintiff's] conduct conformed to legal requirements.'" The AGO also contends that the plaintiff's arguments concerning whether evidence of his conduct would be admissible are misplaced because "admissibility does not control when assessing a prosecutor's disclosure obligations" under Brady v. Maryland, 373 U.S. 83 (1963), and State v. Laurie, 139 N.H. 325 (1993). See Duchesne v. Hillsborough County Attorney, 167 N.H. 774, 784 (2015). The AGO reasons that information regarding the plaintiff's conduct "may aid defense counsel in pursuing a particular defense strategy or line of questioning to challenge [the plaintiff's] testimony or to conduct additional investigation into [his] character."

4

We agree with the plaintiff that, pursuant to the definition set forth in Doe, his conduct, as alleged in his complaint, is not potentially exculpatory. See Doe (Activity Logs), 176 N.H. at ___, 2024 N.H. 50, ¶18. The plaintiff confronted difficult circumstances. During his investigation, the plaintiff learned that the wife struggled with substance abuse, that she had conveyed her intent to leave the country with the two children, that she once accidentally "set her home on fire" while impaired, and that she had, on at least one occasion, left the children home alone while she went to the liquor store.

The plaintiff could have reasonably believed that these facts posed a legitimate concern for the safety and welfare of the child in the father's custody at that time. He informed his supervisor of the situation and, to a degree, followed his supervisor's direction by informing the husband and his attorney to bring the dispute to the court system on an expedited basis. In addition, the plaintiff truthfully documented the incident and his conduct in a report and it is undisputed that he was never dishonest when the NPD investigated him. Cf. Laurie, 139 N.H. at 327.

Accordingly, we conclude that the plaintiff's conduct, as alleged in his complaint, is not "potentially exculpatory evidence" as contemplated by RSA 105:13-d, I, and that the trial court erred in granting the AGO's motion to dismiss. In light of the foregoing ruling, we need not address the plaintiff's remaining arguments. For the reasons stated above, we reverse the trial court's order granting the AGO's motion to dismiss and remand for further proceedings consistent with this order.

Reversed and remanded.

BASSETT, DONOVAN, AND COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**

5